**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| TIMOTHY LYLE, *on behalf of himself and others similarly situated,*<br><br>*Plaintiff,*<br>v.<br><br>FLEETCOR TECHNOLOGIES, INC.,<br><br>*Defendant.* | Civil Case No.: ____________________<br><br>**Complaint – Class Action**<br><br>**Jury Trial Demanded** |

**Nature of this Action**

1. Timothy Lyle ("Plaintiff") brings this class action against Fleetcor Technologies, Inc. ("Defendant" or "Fleetcor") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

3. More specifically, upon information and good faith belief, Defendant routinely uses an artificial or prerecorded voice in connection with non-emergency calls it places to wrong cellular telephone numbers.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. This Court has jurisdiction over Defendant because Defendant conducts business transactions in this district, is located in this district, and has committed tortious acts in this district.

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district and Defendant resides in this district.

7. For example, Defendant directed artificial or prerecorded voice messages to Plaintiff's cellular telephone from this district.

## Parties

8. Plaintiff is a natural person who at all relevant times resided in Villa Rica, Georgia.

9. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

10. Defendant is a corporation organized under the laws of the State of Delaware, with global headquarters located at 3280 Peachtree Road, Suite 2400, Atlanta, Georgia 30305.

11. Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

**Factual Allegations**

12. Plaintiff is, and has been for the relevant time period, the subscriber to his cellular telephone number—(XXX) XXX-4462.

13. In or around January 2022, Defendant began placing calls to telephone number (XXX) XXX-4462, intending to reach someone other than Plaintiff. Defendant's records will show all of the calls it made to Plaintiff at telephone number (XXX) XXX-4462.

14. Defendant used an artificial or prerecorded voice in connection with many of the calls it placed to telephone number (XXX) XXX-4462.

15. For example, on November 28, 2022, November 29, 2022, and November 30, 2022, Defendant placed a call to telephone number (XXX) XXX-4462, and delivered the following artificial or prerecorded voice message:

> This is an important account alert from Universal Mastercard Services that requires your immediate attention. Your Universal Mastercard Services payment is past due and your account will be locked if you do not provide payment. Please contact our office today at (833) 603-3404 to avoid any inconvenience or service interruption. Again that phone number is (833) 603-3404. We are available Monday through Friday 8:00am to 8:00pm eastern standard time. Thank you.

**Click HERE to listen to the artificial or prerecorded voice message.**

16. Defendant placed calls to telephone number (XXX) XXX-4462 using at least the following telephone numbers: (833) 603-3404 and (866) 370-7789.

17. When Plaintiff called telephone number (833) 603-3404 back to request that the calls stop, he was instructed by a representative to call (866) 370-7789, the customer service number.

18. When Plaintiff called (866) 370-7789 to request that the calls stop, Defendant's representative answered and identified the company as "Fleetcor."

19. Defendant's representative also advised that the calls were intended for an entity unknown to Plaintiff, North Georgia Construction, and were in reference to a Fleetcor Universal Mastercard Account.[1]

20. At no time has Plaintiff ever been affiliated with North Georgia Construction.

21. At no time has Plaintiff had a Fleetcor Universal Mastercard.

22. Plaintiff contacted North Georgia Construction to seek assistance in having the calls stop.

23. A representative from North Georgia Construction confirmed that North Georgia Construction had a Fleetcor Universal Mastercard Account.

---

[1] Fleetcor Universal Mastercards are part of a fuel, fleet and gas card program offered by Fleetcor. *See* https://www.universalpremiumcard.com/ (last accessed Dec. 3, 2022). *See also* Fleetcor Universal Mastercard Client Agreement, https://www.fleetcor.com/content/dam/legal/terms-conditions/2021mcvy/NALUPMC202103.pdf (last accessed Dec. 3, 2022).

24. The representative from North Georgia Construction confirmed that he would contact Defendant and advise Defendant that it was calling a wrong number.

25. Despite these efforts, the calls continued.

26. On a number of occasions Plaintiff answered calls from Defendant and listened to an artificial or prerecorded voice message that Defendant delivered.

27. On a number of occasions Plaintiff placed a call to Defendant, informed Defendant that it had reached a wrong number in placing calls to telephone number (XXX) XXX-4462, explained to Defendant that its calls to telephone number (XXX) XXX-4462 were intended for someone other than him, and instructed Defendant to stop placing calls to telephone number (XXX) XXX-4462.

28. Defendant, however, continued to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-4462.

29. Defendant placed dozens of calls to telephone number (XXX) XXX-4462 after Plaintiff requested that the calls stop.

30. Defendant delivered, or attempted to deliver, dozens of artificial or prerecorded voice messages to telephone number (XXX) XXX-4462 after Plaintiff requested that the calls stop.

31. Defendant placed the subject calls to telephone number (XXX) XXX-4462 in an effort to reach a third party.

32. Plaintiff does not have, nor did he have, an account with Defendant or Mastercard.

33. Plaintiff is not, nor was, a customer of Defendant.

34. Plaintiff does not, nor did, owe a debt to Defendant.

35. Plaintiff did not provide telephone number (XXX) XXX-4462 to Defendant.

36. Plaintiff did not provide Defendant with consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-4462.

37. Defendant placed the subject calls to telephone number (XXX) XXX-4462 for non-emergency purposes.

38. Defendant placed the subject calls to telephone number (XXX) XXX-4462 voluntarily.

39. Defendant placed the subject calls to telephone number (XXX) XXX-4462 under its own free will.

40. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with the subject calls it placed to telephone number telephone number (XXX) XXX-4462.

41. Plaintiff suffered actual harm as a result of Defendant's subject calls in connection with which it used an artificial or prerecorded voice message, in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

42. For example, Plaintiff spent time tending to the calls and requesting that they stop.

43. Plaintiff also spent his valuable time and effort attempting to have the calls stop.

44. Defendant's prerecorded messages also filled Plaintiff's voicemail, occupied the capacity of Plaintiff's cellular telephone and depleted his battery.

45. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

**Class Action Allegations**

46. Plaintiff brings this action under Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3) as a representative of the following class and subclass:

> *Class*: All persons throughout the United States or its territories (1) to whom Fleetcor placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a Fleetcor customer, accountholder, or authorized user, (3) in connection with which Fleetcor used an artificial or prerecorded voice, (4) from four years prior to the filing of this Complaint through the date of class certification.

> *Subclass*: All persons throughout the United States or its territories (1) to whom Fleetcor placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a Fleetcor customer, accountholder, or authorized user, (3) in connection with which Fleetcor used an artificial or prerecorded voice, (4) after the called party informed Fleetcor that the telephone number it called was a wrong or reassigned telephone number, or instructed Fleetcor to stop placing calls to the telephone number, (5) from four years prior to the filing of this Complaint through the date of class certification.

47. Excluded from the class and subclass are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest, class counsel and their employees, and the judicial officers and their immediate family members and associated court staff assigned to this case.

48. Upon information and belief, the members of the class and subclass are so numerous that joinder of all of them is impracticable.

49. The exact number of the members of the class and subclass are unknown to Plaintiff at this time, and can be determined only through appropriate discovery including Defendant's records.

50. The members of the class and subclass are ascertainable because they are defined by reference to objective criteria.

51. In addition, the members of the class and subclass are identifiable in that, upon information and belief, their telephone numbers, names, and addresses

can be identified in business records maintained by Defendant and by third parties.

52. Plaintiff's claims are typical of the claims of the members of the class and subclass.

53. As it did for all members of the class and subclass, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

54. Plaintiff's claims, and the claims of the members of the class and subclass, originate from the same conduct, practice, and procedure on the part of Defendant.

55. Plaintiff's claims are based on the same theories as the claims of the members of the class and subclass.

56. Plaintiff suffered the same injuries as the members of the class and subclass.

57. Plaintiff is an adequate representative of the class because he will fairly and adequately protect the interests of the members of the class and subclass.

58. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class and subclass.

59. Plaintiff will vigorously pursue the claims of the members of the class and subclass.

60. Plaintiff has retained counsel experienced and competent in class action

litigation.

61. Plaintiff's counsel will vigorously pursue this matter.

62. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class and subclass.

63. The questions of law and fact common to the members of the class and subclass predominate over questions that may affect individual members of the class and subclass.

64. Questions of law and fact common to all members of the class and subclass are:

a. Whether Defendant violated the TCPA;

b. Whether Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers violated the TCPA;

c. Whether Defendant's conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers violate the TCPA;

d. Whether Defendant's use of an artificial or prerecorded voice violated the TCPA; and,

e. The availability of statutory penalties.

65. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

66. If brought and prosecuted individually, the claims of the members of the class and subclass would require proof of the same material and substantive facts.

67. The pursuit of separate actions by individual members of the class and subclass would, as a practical matter, create a risk of being dispositive of the interests of other members of the class and subclass, and could substantially impair or impede their ability to protect their interests.

68. The pursuit of separate actions by individual members of the class and subclass could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

69. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class and subclass.

70. The damages suffered by individual members of the class and subclass may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class and subclass to redress the wrongs done to them.

71. The pursuit of Plaintiff's claims, and the claims of the members of the class and subclass, in one forum will achieve efficiency and promote judicial economy.

72. The conduct of this action as a class action presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each class member.

73. Defendant has acted or refused to act on grounds generally applicable to the members of the class and subclass, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**

74. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class and subclass, without consent as described above in Paragraphs 12 through 45.

75. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class and subclass were damaged and are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Certification of the proposed class and subclass;

b) Designating Plaintiff as a representative of the class and subclass under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as counsel for the class and subclass under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the class and subclass, in connection with which it uses an artificial or prerecorded voice;

f) Awarding Plaintiff and the members of the class and subclass damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the members of the class and subclass treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class and subclass reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class and subclass any pre-judgment and post-judgment interest as may be allowed under the law; and,

j) Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: December 7, 2022

______________________________

John A. Love
LOVE CONSUMER LAW
2500 Northwinds Parkway, Suite 330
Alpharetta, Georgia 30009
Telephone: 404-855-3600
Fax: (404) 301-2300
tlove@loveconsumerlaw.com

Max S. Morgan, Esquire*
Eric H. Weitz, Esquire*
THE WEITZ FIRM, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com

(*_pro hac vice_ forthcoming)
_Counsel for Plaintiff and the proposed classes_